UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays, | Case No. 21-cv-2075 (WMW/DTS) |
| Plaintiff, | |
| v. | ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION |
| Carolyn Kne et al., | |
| Defendants. | |

This matter is before the Court on the August 11, 2022 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 109.) The R&R recommends granting in part and denying in part Defendants' motions to dismiss. For the reasons addressed below, the Court adopts in part and rejects in part the R&R.

## BACKGROUND

On September 25, 2017, officers from the Bloomington Police Department arrested Plaintiff Otis Mays. Mays alleges that the following events occurred during the course of his arrest. Defendant Matthew Nybeck shoved him against a vehicle several times, kicked his legs, applied painful pressure to his arms, and pushed him into a police vehicle. On the way to the police station, Mays made several requests for medical attention based on the pain he experienced in his arm and shoulder. Mays alleges that when he arrived at the police station, Officer Nybeck "roughly" searched him again, causing pain in his arm and shoulder. After Mays repeatedly requested medical attention, Defendant Andy Plant delivered Mays to the Hennepin County Adult Detention Center (HCADC), where Mays

was examined by a doctor.  Officer Plant painfully handcuffed Mays to transport him to and from the HCADC.  During the drive back to the police station, Mays alleges that he overheard Officer Plant discuss with Defendant Carolyn Kne that he had been told that Mays needed to be examined by a doctor before being admitted to the HCADC, but Officer Plant "did not feel like sitting in the ER all night."

Mays also alleges that, when Officer Plant dropped off Mays, Officer Plant searched Mays's wallet and announced that Mays had $12,000 in cash in his wallet.  When two men overheard Officer Plant and commented on the amount of money in the wallet, Officer Plant told them that they could have that kind of money too if they were informants like Mays.  After Officer Plant released Mays, Mays alleges, the two men assaulted Mays, took his wallet, and called him a rat.  A doctor who examined Mays determined that he had a separated shoulder that would require surgery or time to heal.

Mays commenced this action on September 20, 2021.  The operative complaint advances 16 claims to relief, alleging that by arresting Mays without probable cause, denying him an attorney, performing a warrantless search, denying him access to the courts, failing to intervene, failing to protect, denying him medical treatment, failing to train, and using excessive force, Defendants violated May's rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.  Mays also alleges that Defendants conspired to violate his civil rights and acted negligently under state law.

Defendants Alex Blaine, Bloomington Police Department, City of Bloomington, Kelsey Degoey, John Doe, George Harms, Joseph Kauser, Carolyn Kne, Dennis Koosman,

Michael Larson, Scott Mehr, Andy Plant, Heather Potter, Michael Rocklin, Megan Thul, Justin Vanhall and Catherine Vaughn (collectively, the Bloomington Defendants) move to dismiss the operative complaint. Defendants Hennepin County, Hennepin County Adult Dentition Center, Hennepin County Sheriffs Office and David Hutchinson (collectively, the Hennepin Defendants) also move to dismiss. The August 11, 2022 R&R recommends granting the Hennepin Defendants' motion to dismiss and granting the Bloomington Defendants' motion to dismiss as to Counts 1–13 and 16. The August 11, 2022 R&R recommends denying the Bloomington Defendants' motion to dismiss as to Counts 14 and 15. Mays filed untimely objections.

## ANALYSIS

A district court reviews *de novo* those portions of a R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). In the absence of specific objections, *de novo* review is not required, and a district court reviews the R&R for clear error. *See id.* (observing that objections to a R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Because Mays is proceeding *pro se*, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

Although Mays's objections to the R&R were untimely, the Court may consider them. *See Prewitt v. Reiser*, No. 13-2866 (JRT/LIB), 2014 WL 5325356, at *5 n.3 (D. Minn. Oct. 20, 2014) (explaining that "the deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party" (internal quotation marks omitted)); *Grant v. Cent. Intel. Agency*, No. 19-cv-2931 (ECT/HB), 2020 WL 759950, at *1 (D. Minn. Feb. 14, 2020) (considering objection filed five days late because the party was "proceeding pro se and he was late by only a few days").

## I.   Search and Seizure (Counts 3 and 4)

Mays first objects to the magistrate judge's recommendation to dismiss Counts 3 and 4 of the complaint, which allege a warrantless search and seizure, for failure to state a claim. But Mays identifies no factual or legal error in the magistrate judge's analysis of these claims. Instead, Mays argues that the inventory search was unlawful because the Bloomington Police Department improperly inventoried his belongings. But whether the Bloomington Police Department properly inventoried Mays's belongings has no bearing on whether the inventory search itself was reasonable in light of the totality of the circumstances. *See United States v. Morris*, 915 F.3d 552, 556 (8th Cir. 2019). Accordingly, Mays's objection to this aspect of the R&R is overruled.

## II.   Failure to Intervene (Counts 6, 10, and 11)

Mays objects to the magistrate judge's recommendation to dismiss Counts 6, 10, and 11 of the complaint, which allege that certain Defendants failed to intervene. Mays

argues that the magistrate judge erred by concluding that Mays failed to allege that the Defendants were aware of the abuse.

"[A] police officer may be liable for breach of a duty to intervene where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration."  *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (internal quotation marks omitted).  Mays alleges that Detective Koosman was standing "not more than 3 feet away" when Officer Nybeck forcefully pushed Mays against a car multiple times and applied pressure to Mays's arm.  As he alleges that Officer Nybeck repeatedly pushed him against the car in the presence of Detective Koosman, Mays has sufficiently alleged that Detective Koosman was aware of Officer Nybeck's abuse and that the duration of the episode was sufficient to permit an inference of tacit collaboration among the officers.  Mays also argues that his complaint alleges that other Defendants were aware of his shoulder injury.  As the magistrate judge observed, however, Mays does not allege any specific facts pertaining to the other Defendants and Mays does not allege that those Defendants had an opportunity to intervene.  For this reason, Mays's objection is sustained as to Count 6 and 10 as alleged against Detective Koosman and overruled as to Count 11.

### III.    Failure to Provide Medical Treatment (Counts 8 and 13)

Mays next objects to the magistrate judge's recommendation to dismiss Counts 8 and 13 of the complaint, which allege that Defendants denied Mays medical treatment.  Mays alleges that he was unable to move his arm and that he told Defendants multiple times that he required medical attention.  The magistrate judge correctly determined that the standard for evaluating deliberate indifference to medical needs is "whether the alleged

behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Awnings v. Fullerton*, 912 F.3d 1089, 1102 (8th Cir. 2019) (internal quotation marks omitted).  Because Mays's allegations as to Defendants' conduct in denying Mays medical treatment do not meet this legal standard, Mays's objection is overruled as to Counts 8 and 13.

## IV.     Failure to Protect (Count 7)

Mays next objects to the magistrate judge's recommendation to dismiss Count 7 of the complaint, which alleges that Defendants failed to protect Mays when they dropped Mays off "in a high crime rate area in Minneapolis" and "incit[ed] multiple people to think that [Mays] had a large sum of money on his person."

"As a general matter, a State's failure to protect an individual against private violence . . . does not constitute a violation of the Due Process Clause." *Beck v. Wilson*, 377 F.3d 884, 889 (8th Cir. 2004) (alterations omitted) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)).  The two exceptions to this rule are when the government assumes a special relationship with the plaintiff, *id.*, and "when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have been in," *Wells v. Walker*, 852 F.2d 368, 370 (8th Cir. 1988). To state a claim for a state-created danger, Mays must allege that (1) he was a member of a limited, precisely defined group; (2) Officer Plant's conduct put Mays at a significant risk of serious, immediate and proximate harm; (3) the risk was obvious or known to Officer Plant; (4) Officer Plant acted recklessly in conscious disregard of the risk; and (5)

6

in total, Officer Plant's conduct shocks the conscience. *See Montgomery v. City of Ames*, 749 F.3d 689, 694-95 (8th Cir. 2014).

Mays alleges that his status as a person in the process of being released from police custody satisfies the requirement of being a member of a limited, precisely definable group. Before releasing him, Mays alleges, Officer Plant looked through Mays's wallet and announced to two men walking by the scene that Mays had $12,000 in cash. Mays alleges that, when the men asked what they could do to get that kind of money, Officer Plant responded that they could be informants like Mays. Based on these allegations, Mays has sufficiently pleaded that Officer Plant put Mays at a significant risk of serious, immediate and proximate harm. The reasonable inference can be drawn from Mays's allegations that Officer Plant was aware of the risk to Mays and acted in conscious disregard of the risk. Mays alleges that after Officer Plant released him from custody, the two men assaulted Mays, took his wallet and called him a rat.

Because Mays has alleged facts that support the first four elements of a state-created danger, the remaining determination is whether the alleged conduct of Officer Plant shocks the conscience. *See id.* "[A]ctionable substantive due process claims involve a level of abuse of power so brutal and offensive that they do not comport with traditional ideas of fair play and decency." *Hart v. City of Little Rock*, 432 F.3d 801, 806 (8th Cir. 2005) (alterations omitted). Mays alleges that Officer Plant goaded two bystanders into assaulting and robbing Mays. The Court must view the allegations in the light most favorable to the non-moving party. A police officer's deliberate endangerment of a person he released from custody by suggesting to onlookers that the person has thousands of

dollars in cash and is an informant does not comport with traditional ideas of fair play and decency. At this stage in the proceedings, drawing all inferences in favor of Mays, the Court concludes that Mays has stated a claim against Officer Plant for failing to protect Mays from private violence. Mays's objection is sustained as to Count 7 as alleged against Officer Plant.

### V.  Failure to Train (Counts 9, 12 and 16)

Mays objects to the magistrate judge's recommendation to dismiss Counts 9, 12, and 16 of his complaint, which allege that certain Defendants failed to train officers to provide Mays with medical care, failed to train officers to intervene, and failed to train employees on constitutional searches and seizures. Because the Court agrees with the magistrate judge's recommendation to dismiss the warrantless-search-and-seizure claim, the Court overrules the objection as to Count 16. *See White*, 865 F.3d at 1078 (observing that a failure-to-train claim requires an underlying substantive claim). And because Mays alleges no facts in support of his failure-to-train claim based on Defendant's failure to provide medical care and failure to intervene, the Court also overrules Mays's objections as to Counts 9 and 12.

### VI.  Clear-Error Review

Mays does not object to any other aspect of the R&R. The Court, therefore, reviews the remainder of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that

8

there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error.

## ORDER

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The August 11, 2022 R&R, (Dkt. 109), is **ADOPTED IN PART AND REJECTED IN PART**, as addressed herein.

2. The motion to dismiss filed by Defendants the City of Bloomington, the Bloomington Police Department, John Doe, Megan Thul, Joseph Kauser, Kelsey Degoey, Catherine Vaughn, Michael Larson, Andy Plant, Scott Mehr, Justin Vanhall, Alex Blaine, Michael Rocklin, George Harms, Dennis Koosman, Heather Potter and Carolyn Kne, (Dkt. 84), is **GRANTED** as to Counts 1–5, 8, 9, 11–13 and 16, and **DENIED** as to Counts 6, 7, 10, 14 and 15, as addressed herein.

2. The motion to dismiss filed by Defendants Hennepin County, Hennepin County Adult Detention Center, Hennepin County Sheriff's Office and David Hutchinson, (Dkt. 90), is **GRANTED**.

Dated:  November 4, 2022                             s/Wilhelmina M. Wright
                                                                         Wilhelmina M. Wright
                                                                         United States District Judge